IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sharon Hodges, et al.,<br><br>    Plaintiffs,<br>  v.<br>Akeena Solar, Inc., et al.,<br><br>    Defendants.<br>_____/<br>Evelyn Sabbag, et al.,<br><br>    Plaintiffs,<br>  v.<br>Barry Cinnamon, et al.,<br><br>    Defendants.<br>_____/ | NO. CV 09-02147 JW<br>NO. CV 10-02735 JF<br><br>**ORDER DENYING MOTION TO RELATE CASES** |

Presently before the Court is Plaintiffs' Motion to Consider Whether Cases Should be Related.[1] Plaintiffs seek the Court's determination as to whether <u>Evelyn Sabbag, et al. v. Barry Cinnamon, et al.</u>, Case No. CV 10-02735-JF ("Second Action"), should be related to <u>Sharon Hodges, et al. v. Akeena Solar, Inc., et al.</u>, Case No. CV 09-02147-JW ("First Action"). Plaintiffs contend that both cases concern substantially the same parties, transaction, and events. (Motion at 1.) To date, Defendants have not filed any opposition.

---

[1] (<u>See</u> Administrative Motion to Consider Whether Cases Should be Related, hereafter, "Motion," CV 10-002735-JF Docket Item No. 55.)

Civil Local Rule 3-12(a) provides:

An action is related to another action when:

(1) The actions concern substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

Here, the Court finds that although the two actions concern substantially the same transaction and events, the legal claims, named defendants, and procedural posture are different.[2] The First Action is a securities class action alleging violations of the federal securities laws while the Second Action is a shareholder derivative suit alleging a breach of fiduciary duty as well as other state law claims. The First Action names Akeena Solar, Inc., Barry Cinnamon, and Gary Effren as Defendants, while Akeena Solar is a nominal Plaintiff in the Second Action, with Cinnamon, Effren, Edward Roffman, Jon Witkin, George Lauor, and David Wallace named as Defendants. Finally, the First Action is further along procedurally, since it has already survived a Motion to Dismiss and is moving toward class certification. The Second Action was only recently filed on June 22, 2010. In light of the differences in legal claims, defendants, and procedural posture of the two actions, the Court finds that there is no risk of "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Thus, the Court finds that the cases are not related within the meaning of Rule 3-12(a).

Accordingly, the Court DENIES Plaintiffs' Motion.

Dated: July 9, 2010

JAMES WARE
United States District Judge

---

[2] (Compare Verified Shareholder Derivative Complaint for Breach for Fiduciary Duty, Unjust Enrichment, Waste of Corporate Assets, and Violations of California Code, CV 10-02735-JW Docket Item No.1 with Class Action Complaint, CV 10-02509-JF Docket Item No. 1.)

2

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Marc M. Umeda mumeda@robbinsumeda.com
George C. Aguilar gaguilar@robbinsumeda.com
Ashley R. Palmer apalmer@robbinsumeda.com

**Dated: July 9, 2010**              **Richard W. Wieking, Clerk**

                                     **By:    /s/ JW Chambers
                                             Elizabeth Garcia
                                             Courtroom Deputy**